IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **LINDA M. FORBES**,<br><br>        Plaintiff,<br><br>        v.<br><br>**CAROLYN W. COLVIN**,<br>Commissioner of Social Security,<br><br>        Defendant. | Case No. 6:13-cv-01174-ST<br><br>**OPINION AND ORDER** |

Kathryn Tassinari and Brent Wells, HARDER, WELLS, BARON & MANNING, P.C., 474 Willamette, Suite 200, Eugene, OR 97401. Of Attorneys for Plaintiff.

S. Amanda Marshall, United States Attorney, and Ronald K. Silver, Assistant United States Attorney, UNITED STATES ATTORNEY'S OFFICE, District of Oregon, 1000 S.W. Third Avenue, Suite 600, Portland, OR 97201; John C. Lamont, Special Assistant United States Attorney, Office of the General Counsel, Social Security Administration, 701 Fifth Avenue, Suite 2900 M/S 221A, Seattle, WA 98104. Of Attorneys for Defendant.

**Michael H. Simon, District Judge.**

      Linda M. Forbes seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying her application for disability insurance benefits under Title II of the Social Security Act. United States Magistrate Judge Janice M. Stewart issued Findings and Recommendation ("F&R") in this case on October 29,

PAGE 1 – OPINION AND ORDER

2014. Dkt. 23. Judge Stewart recommended that the Commissioner's decision be reversed and remanded for an award of benefits. The Commissioner timely filed an objection, Dkt. 26, to which Plaintiff Forbes responded. Dkt. 27. For the reasons below, the Court adopts Judge Stewart's F&R and remands the cause for an award of benefits.

## STANDARD OF REVIEW

In a social security case decided in the first instance by a magistrate, review of the magistrate's opinion entails review of the underlying social security decision. Therefore, two decisions in this case are subject to review by this Court—the first by the Commissioner, and the second by Judge Stewart. By statute, the two decisions are entitled to two different standards of review.

**A. The F&R**

Under the Federal Magistrates Act ("Act"), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1)(C). If a party files objections to a magistrate's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3). For those portions of a magistrate's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."). Nor, however, does the Act "preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate's recommendations for "clear error on the face of the record."

PAGE 2 – OPINION AND ORDER

B.  **The Commissioner's Decision**

The Court must affirm the Commissioner's decision if it is free of legal error and its findings are supported by substantial evidence. 42 U.S.C. § 405(g); *see also Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). "Substantial evidence" means "more than a mere scintilla but less than a preponderance." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Andrews*, 53 F.3d at 1039). Where the evidence is susceptible of more than one rational interpretation, the Commissioner's conclusion must be upheld. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

In reviewing the Commissioner's decision, the Court "must consider the entire record as a whole." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (quotation marks omitted). The Court may not affirm the Commissioner "simply by isolating a specific quantum of supporting evidence"; nor may the Court affirm the Commissioner on a ground upon which the Commissioner did not rely. *Id.* (quotation marks omitted); *see also Bray*, 554 F.3d at 1226. But as long as "the agency's path may reasonably be discerned," the Court must affirm the agency's decision, even though the agency may have explained it with "less than ideal clarity." *Molina v. Astrue*, 674 F.3d 1104, 1121 (9th Cir. 2012) (quotation marks omitted).

## DISCUSSION

Judge Stewart determined that the ALJ erred in finding Ms. Forbes less than credible regarding the severity of her impairments and in rejecting the opinion of Dr. Laura Rung, a treating physician; that the ALJ did not err in finding that Ms. Forbes's depression was non-severe; and that the Commissioner's decision should be reversed and remanded for an award of benefits. The Commissioner objects to the portions of the F&R concerning Ms. Forbes's

PAGE 3 – OPINION AND ORDER

credibility, Dr. Rung's opinion, and the nature of the remand.[1] The Court reviews these portions of the F&R *de novo*.

## A. The Credibility Determinations

### 1. Ms. Forbes

The ALJ determined that Ms. Forbes's testimony regarding the severity of her impairments was "not entirely credible." TR 19. Judge Stewart found that this determination lacked sufficient evidentiary support in the record. The Commissioner now argues that Judge Stewart impermissibly "acted as a factfinder, reweighing and resolving conflicting evidence."

The United States Court of Appeals for the Ninth Circuit has established a two-step process for evaluating the credibility of a claimant's own testimony about the severity and limiting effect of the claimant's impairments. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). First, the ALJ "must determine whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'" *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (en banc)). When doing so, the claimant "need not show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom." *Smolen v. Chater*, 80 F.3d 1273, 1282 (9th Cir. 1996).

Second, "if the claimant meets this first test, and there is no evidence of malingering, 'the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so.'" *Lingenfelter*, 504 F.3d at 1036 (quoting

---

[1] As no party objects to the portion of the F&R concerning Ms. Forbes's depression, the Court reviews that portion for clear error on the face of the record. No such error is apparent. Accordingly, the Court adopts that portion.

*Smolen*, 80 F.3d at 1281). It is "not sufficient for the ALJ to make only general findings; he must state which pain testimony is not credible and what evidence suggests the complaints are not credible." *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). Those reasons must be "sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony." *Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995).

Here, the ALJ agreed with Ms. Forbes that her objective impairments were "likely to cause limiting pain," but found that the objective medical evidence as to their severity was insufficient to corroborate her testimony. TR 19-20. The Commissioner argues not that the ALJ provided specific, clear and convincing reasons for rejecting Ms. Forbes's testimony, but rather that the evidentiary standard employed by the magistrate judge is legally incorrect. As a District Court located in the Ninth Circuit, this Court cannot agree. The F&R amply explains why the ALJ's reasons for rejecting Ms. Forbes's testimony did not meet the clear-and-convincing standard. The Court adopts this portion of Judge Stewart's F&R.

**2. Dr. Rung**

Dr. Rung opined that in order to work, Ms. Forbes would need an "ergonomic sit/stand workstation" and the ability to use a heating pad on her back as needed. TR 480. The ALJ rejected this portion of Dr. Rung's opinion as speculative. Judge Stewart found that the ALJ's determination lacked sufficient evidentiary support in the record. The Commissioner again argues only that the ALJ's decision was not irrational and should therefore be affirmed.

In the Ninth Circuit, an ALJ must provide "clear and convincing reasons that are supported by substantial evidence" to reject the uncontradicted opinion of a treating physician. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005) (citation omitted). If an examining doctor's opinion is contradicted by that of another, however, an ALJ need only provide "specific and legitimate reasons that are supported by substantial evidence" for accepting one and

PAGE 5 – OPINION AND ORDER

rejecting the other. *Id.* If an ALJ has properly discounted a claimant's self-reporting as incredible, he may also reject an examining doctor's opinion when it contains "little independent analysis or diagnosis" and is based largely on the claimant's own reporting. *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008).

Here, Dr. Rung's opinion was arguably contradicted by the opinion of Dr. Ward that Ms. Forbes could perform the full range of sedentary work without restrictions. TR 463-67. Accordingly, the ALJ was required to give specific and legitimate reasons to reject Dr. Rung's opinion. The ALJ rejected Dr. Rung's opinion in part because it was based on Ms. Forbes's report. However, the ALJ did not reject that portion of Ms. Forbes's testimony—that she required a heating pad and a sit/stand station to perform her job. Moreover, the ALJ's rejection of Ms. Forbes's symptom testimony was, as explained above, improper.

The ALJ also asserted, without explanation, that "[i]t is speculation to assume [Ms. Forbes] is unable to work at any job where the employer is unwilling to purchase an expensive specialized ergonomic workstation." TR 21. This seems to be an instance of the tail wagging the proverbial dog. That a necessary accommodation might be too costly for employers to provide is not a specific and legitimate reason to reject a medical opinion—rather, it may be a reason to find the claimant disabled. *See Jones v. Apfel*, 174 F.3d 692, 693 (5th Cir. 1999) ("[A] vocational expert should not base his determination of the availability of jobs on the assumption that the ADA requires an employer to accommodate an individual's disability."). Judge Stewart correctly determined that the ALJ did not support his rejection of Dr. Rung's opinion with specific and legitimate reasons and the Court adopts this portion of the F&R.

**B. The Nature of the Remand**

The Commissioner argues that the credit-as-true rule is inconsistent with the Social Security Act and with Supreme Court precedent. In the Ninth Circuit, that rule is "settled" and

PAGE 6 – OPINION AND ORDER

binding on this Court. *Garrison v. Colvin*, 759 F.3d 995, 999 (9th Cir. 2014). The rule does provide this Court with some discretion, and the Commissioner argues that the supposed infirmity of the rule should influence the Court's exercise of that discretion. But that is not among the factors established by the Ninth Circuit as appropriate for consideration.

The Ninth Circuit's credit-as-true rule has three major elements:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

*Garrison*, 759 F.3d at 1020. Ordinarily, if all three of these elements are satisfied, the Court must remand for a calculation of benefits. If, however, "an evaluation of the record as a whole creates serious doubt that a claimant is, in fact, disabled," the Court retains the "flexibility" to remand for further proceedings instead. *Id.* at 1021. Moreover, when remanding for further development of the record, the Court has the discretion to remand on an open record or with the directive that the claimant's testimony be credited as true. *See Burrell v. Colvin*, --- F.3d ---, 2014 WL 7398892, at *6 (9th Cir. Dec. 31, 2014) (observing that the Court's "flexibility" includes the option to "remand on an open record for further proceedings" (citing *Garrison*, 759 F.3d at 1021)).

Here, Judge Stewart applied the credit-as-true rule and remanded for an award of benefits. The Commissioner, however, argues that this record contains two outstanding issues that merit further development in administrative proceedings.

In determining Ms. Forbes's residual functional capacity ("RFC"), the ALJ included the limitation that Ms. Forbes "needs freedom to shift positions between sitting and standing" every 15 to 30 minutes. TR 18. The vocational expert (VE) testified that such an individual would be

PAGE 7 – OPINION AND ORDER

able to perform Ms. Forbes's past relevant work as a receptionist. TR 22, 74. This testimony was based on her work as it was *actually* performed, but the ALJ determined that Ms. Forbes could perform her past relevant work as it is *generally* performed. TR 22. On cross-examination, however, the VE testified that if Ms. Forbes required an "ergonomic sit-stand workstation," she would not be competitively employable.[2] TR 77.

On this record, the Commissioner first argues that the Court should remand for a determination of whether Ms. Forbes could return to her past relevant work as it was actually performed. The Commissioner also argues that the record should be developed on whether equipment less expensive and more widely available than an ergonomic sit-stand workstation could enable Ms. Forbes to be competitively employed. But if Ms. Forbes's testimony as to the severity of her symptoms were credited as true, both questions are irrelevant for the same reason: Since Ms. Forbes last worked, her symptoms have become exacerbated, such that by November 2012, two years after she stopped working, the vocational rehabilitation evaluator determined that Forbes's symptoms were "not commensurate with competitive employment." TR 235. Indeed, that determination is sufficient to conclude that if Ms. Forbes's improperly discredited testimony were credited as true, the ALJ would be required to find her disabled on remand. *Cf. Garrison*, 759 F.3d at 1020.

The Commissioner also argues that even if all three elements of the credit-as-true test are satisfied, the record as a whole creates serious doubt as to whether Ms. Forbes is in fact disabled. The Commissioner supports this argument by noting the self-contradictory testimony of Dr. John Ward, Ms. Forbes's primary care provider, who opined in 2011 that Ms. Forbes was unable to

---

[2] The VE testified that the workstation could be accommodated "in some instances, [but not] in most instances." TR 77. The Court understands this to be a statement of opinion, based on the VE's expertise, that most employers who might otherwise employ someone with Ms. Forbes's RFC would balk at having to provide an ergonomic workstation to do so.

PAGE 8 – OPINION AND ORDER

work, but in April and May of 2012, opined that she was capable of sustaining sedentary work. *Compare* TR 330, 337 *with* TR 463, 470. But this inconsistency is insufficient to create the "serious doubt" required by *Garrison*, as it can easily be explained by Dr. Ward's acknowledgement in June 2012 that a specialist should perform objective evaluations of Ms. Forbes's pain levels. TR 475. That specialist was Dr. Rung—who, after a thorough examination, "suspect[ed] that the vocational specialists are likely to declare her unemployable." TR 480. That suspicion was eventually borne out. TR 235.

The Commissioner also argues that serious doubts about Ms. Forbes's disability are raised by her work history and medication regimen. Ms. Forbes's post-disability employment at her brother's auto body store—where she has no set hours, may take breaks or simply stay at home whenever she wants, and is paid more than other workers—is nothing more than a sinecure, a favor from a family member who is "trying to help [her] out." *See* TR 65-66, 225.

The Commissioner's final argument is that because Ms. Forbes did not increase her pain medication regimen, her pain symptoms cannot have increased. That argument, if accepted, would create dangerous incentives for disability claimants to corroborate their pain testimony by insisting on more medication than necessary. It is also factually flawed: Dr. Ward opined that Ms. Forbes's dosage had reached "a point of diminishing returns," and Dr. Rung agreed that escalating her use of opioids would not be helpful. TR 461, 480-81.

Therefore, all three elements of the credit-as-true test are satisfied, and, after independently reviewing the entire record, neither Judge Stewart nor this Court has found anything that would create serious doubt as to Ms. Forbes's entitlement to the benefits she seeks. *Cf. Garrison*, 759 F.3d at 1022. The Court therefore adopts the portion of the F&R remanding for an award of benefits.

## CONCLUSION

The Court ADOPTS Judge Stewart's Findings and Recommendations (Dkt. 23). The Commissioner's decision is REVERSED and REMANDED, pursuant to sentence four of 42 U.S.C. § 405(g), for calculation and an award of benefits.

**IT IS SO ORDERED**.

DATED this 26th day of January, 2015.

                                          /s/ Michael H. Simon
                                          Michael H. Simon
                                          United States District Judge